IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHELLE BELAIR,

    Defendant.

Case No. 17-40043-02-DDC

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Michelle Belair's two Motions for Sentencing Transcripts (Docs. 341 & 342) and her Motion to Appoint Counsel (Doc. 343). The government has filed a response to Ms. Belair's request for free sentencing transcripts (Doc. 346). For reasons explained below, the court denies Ms. Belair's motions.

Ms. Belair's filings are brief. They ask the court "to prepare the portion of the Sentencing [Transcript]" so that she can file a motion under 28 U.S.C. § 2255. Doc. 341 at 1; Doc. 342 at 1. Ms. Belair asks the court to waive the costs of the transcript, and she provides a Financial Affidavit to demonstrate her inability to purchase the transcript. Doc. 344. The government responds, arguing that Ms. Belair hasn't shown "a need for the sentencing transcripts." Doc. 346 at 4. "[S]he is not entitled to the transcripts merely to search for possible error," the government asserts. *Id.*

"An indigent defendant is entitled to have the government pay the fees for a copy of [her] transcript in a section 2255 proceeding only if [she] demonstrates that [her] suit is not frivolous and that the transcript is needed to decide the issue presented by the suit." *United States v.*

*Austin*, No. 94-1108, 1995 WL 94632, at *1 (10th Cir. Feb. 28, 1995). The statute governing transcript fees provides the following:

> [f]ees for transcripts furnished in proceedings brought under section 2255 . . . to persons permitted to sue or appeal in forma pauperis shall be paid by the United States . . . if the trial judge . . . certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). And, the Tenth Circuit has "construed section 753(f) as requiring that the defendant show 'particularized need' for the transcript." *Id.* (quoting *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993)).

Here, Ms. Belair just requests the transcript, and at no cost. She does not explain the basis for a § 2255 motion, and she has not filed such a motion.[1] So, the court cannot evaluate whether her motion is frivolous. And, under § 753(f), the court cannot determine whether the United States should pay for Ms. Belair's transcript. She has identified no "particularized need" for the transcript, as the Tenth Circuit requires. *Austin*, 1995 WL 94632, at *1. The court thus denies Ms. Belair's request.

While working on Ms. Belair's case, the court has noted a curious aspect of the docket for her case. Ms. Belair submitted two documents to the Clerk for filing. One is docketed as Doc. 343, a Motion to Appoint Counsel. The court addresses that motion elsewhere in this Order. Ms. Belair's second submission—her one-page Motion for Sentencing Transcripts—was docketed twice in the case. The Clerk docketed this filing as Doc. 342, characterizing it as a Motion for Sentencing Transcripts. This Order rules on that request.

But, the Clerk also docketed this same submission a second time as Doc. 341, characterizing it as a Motion to Vacate Under § 2255. So that it is clear, the court does not

---

[1] The court mailed its form for a Motion Under 28 U.S.C. § 2255 to Ms. Belair on January 14, 2019. *See* text accompanying Docket Entry 341. Ms. Belair never has filed a completed § 2255 form with the court.

apprehend the motion docketed as Doc. 341 to assert a claim under 28 U.S.C. § 2255. Specifically, in that motion, Ms. Belair does not claim

> the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]

28 U.S.C. § 2255(a). Because the court does not recognize Doc. 341 to make a § 2255 claim, the court declines to express any conclusions about any § 2255 claims. Finding no issue to decide in Doc. 341, the court directs the Clerk to terminate Doc. 341 as a pending motion on the docket.

This leaves Ms. Belair's third filing, a Motion to Appoint Counsel. Doc. 343. She asks the court to appoint her counsel in a habeas proceeding because: (1) her ability to litigate the case is limited by her imprisonment; (2) the issues involved in the case are complex; (3) she has limited knowledge of the law; and (4) she cannot afford to retain counsel. The Sixth Amendment right to counsel does not apply to collateral attacks on a conviction such as a § 2255 motion. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). But, a district court has discretion to appoint counsel in a habeas case when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). When exercising its "broad discretion" to decide whether to appoint counsel to an indigent litigant, the district court "should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

Here, none of Ms. Belair's filings identify any basis for a habeas claim. Thus, the court cannot find that she is entitled to an appointment of counsel based on the merits of her claims, the nature of her claims, or the complexity of the legal issues raised by the claims. Exercising its discretion, the court denies Ms. Belair's Motion to Appoint Counsel (Doc. 343).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Michelle Belair's Motion for Sentencing Transcripts (Doc. 341) is denied.

**IT IS FURTHER ORDERED THAT** defendant Michelle Belair's duplicate Motion for Sentencing Transcripts (Doc. 342) is denied.

**IT IS FURTHER ORDERED THAT** defendant Michelle Belair's Motion to Appoint Counsel (Doc. 343) is denied.

**IT IS FURTHER ORDERED THAT** the Clerk of the Court is directed to terminate Doc. 341 as a pending motion on the docket.

**IT IS SO ORDERED.**

**Dated this 8th day of August, 2019, at Kansas City, Kansas.**

>   **s/ Daniel D. Crabtree**
>   **Daniel D. Crabtree**
>   **United States District Judge**