**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

       Plaintiff,

v.

       Case No. 17-40043-02-DDC

MICHELLE BELAIR (02),

       Defendant.

_____

**MEMORANDUM AND ORDER**

The court considers defendant Michelle Belair's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 348).  The government filed a Response (Doc. 350).  Ms. Belair filed no Reply and the deadline to do so has passed.  For reasons explained below, the court dismisses the motion for lack of subject matter jurisdiction.

**I.      Background**

On May 1, 2018, Ms. Belair entered a guilty plea to Count One of the Indictment (Doc. 34)—conspiracy to possess with the intent to distribute and distribution of methamphetamine violating 21 U.S.C. § 846.  Doc. 258 at 1–2.  On July 30, 2018, the court sentenced Ms. Belair to 156 months' imprisonment.  Doc. 308 at 2.  On November 9, 2020, Ms. Belair filed a motion for relief under § 3582(c)(1)(A).  Doc. 348.

**II.     Legal Standard**

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Title 18 U.S.C. § 3582(c) announces a general rule that the "court may not modify a term of imprisonment once it has been imposed[.]"  But the statute also recognizes

certain exceptions.  Even after it has imposed a term of imprisonment, the sentencing court may modify that term "upon motion of the defendant after [1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A).  "Under that statute, a district court may reduce a sentence if, after considering any applicable sentencing factors in 18 U.S.C. § 3553, it finds 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'"  *United States v. Haynes*, 827 F. App'x 892, 895 (10th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  "Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request."  *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (second alteration in original, citations and internal quotation marks omitted) (vacating district court's Order denying motion under § 3582(c)(1)(A) and remanding with instruction to dismiss motion for lack of jurisdiction); *see also United States v. Harris*, No. 15-40054-01-DDC, 2020 WL 7122430, at *1–2 (D. Kan. Dec. 4, 2020) (discussing our Circuit's reading of § 3582(c) as jurisdictional).

## III.    Discussion

An inmate seeking compassionate release under § 3582(c)(1)(A) must first "request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies."  *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020) (citations omitted).  The court properly may consider a defendant's motion under § 3582(c)(1)(A) filed after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's

facility[.]"  18 U.S.C. § 3582(c)(1)(A).  "In other words, if a warden lets 30 days pass without responding to an inmate's request under § 3582(c)(1)(A), the inmate may proceed directly to file a motion with the court who imposed the prison term."  *Harris*, 2020 WL 7122430, at *2–3 (discussing competing readings of "the lapse of 30 days").

The United States argues that Ms. Belair has failed to show exhaustion or lapse.  Doc. 350 at 7.  It asserts that to "properly exhaust administrative remedies . . . the administrative complaint must raise the same claims asserted in the federal court filing."  *Id.* at 8.  The government asks the court to apply that rule and conclude that Ms. Belair's "failure to present the Warden . . . with the *exact* arguments presented here results in her motion being subject to dismissal for failure to properly exhaust her available administrative remedies."  *Id.* at 7.

The court agrees with the government, but only in part.  While the court need not determine here whether the statute's exhaustion requirement demands hyper-technical application,[1] the court agrees that Ms. Belair's initial request failed to initiate the administrative remedy process for her medical claims.

Ms. Belair "was required to request that the BOP file a compassionate-release motion on [her] behalf to initiate [her] administrative remedies."  *Springer*, 820 F. App'x at 791.  She filed a request, but it hardly resembled her current motion for relief.  *Compare* Doc. 348-2 at 5 (req. to BOP), *with* Doc. 348 at 4–5 (Mot.) *and* Doc. 348-2 at 1–4 (Mem. in Supp.).  This disconnect represents the heart of this case.  In a similar case, our court held "that a defendant who wholly fails to mention any existing medical condition in a request to the warden cannot rely on a

---

[1]    *See United States v. Burgoon*, No. 07-20072-05-JWL, 2020 WL 7396914, at *3 (D. Kan. Dec. 17, 2020) (explaining that *Burgoon* requires some overlap between request to BOP and subsequent motion for compassionate release, but "does not mean to suggest that the exhaustion requirement should be applied 'hyper-technically'" and agreeing with "those courts that have recognized that a request to the warden need not be identical in detail or specificity to the motion made in court").

medical condition as a grounds for release before the court." *See Burgoon*, 2020 WL 7396914, at *3 (dismissing defendant's § 3582(c)(1)(A) motion for lack of subject matter jurisdiction).

Here, as in *Burgoon*, the "request to the warden contains no reference to any medical condition whatsoever[.]" *Id.* at *2. Ms. Belair's filed submission to the BOP requested compassionate release based on *rehabilitation*—and she may have satisfied the exhaustion requirement for that claim. But nowhere in her request to BOP did she mention medical issues. *See* Doc. 348-2 at 5. There "is simply no overlap at all" between Ms. Belair's (1) initial request to BOP and (2) subsequent motion that would have given "the BOP a fair opportunity to consider whether to make the motion on the defendant's behalf." *Burgoon*, 2020 WL 7396914, at *3. This discord dooms the motion.

Ms. Belair "has not exhausted administrative remedies with respect to medical conditions that form the basis for a motion for compassionate release filed with the court." *Id.* at *2. The motion raises no other grounds for compassionate release.[2] The motion thus fails to satisfy the statute's exhaustion requirement and "extraordinary and compelling" standard, so the court must dismiss it for lack of subject matter jurisdiction. *Saldana*, 807 F. App'x at 819.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Belair's Motion to Reduce Sentence Under § 3582(c)(1)(A) (Doc. 348) is dismissed without prejudice.

**IT IS SO ORDERED.**

**Dated this 6th day of January, 2021, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**

---

[2]     Liberally construing Ms. Belair's pro se motion as raising the rehabilitation claim would not save her motion. Rehabilitation is not sufficient to satisfy the statutory requirement of an "extraordinary and compelling" reason. *See Saldana*, 807 F. App'x at 820 (holding that district court did not err in finding that rehabilitation alone was not an extraordinary and compelling reason under § 3582(c)(1)(A)(i)).