**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 17-40043-02-DDC |
| **MICHELLE BELAIR (02),** | |
| Defendant. | |

**MEMORANDUM AND ORDER**

Ms. Michelle Belair has filed a pro se[1] letter (Doc. 354) that the court construes as a Motion to Appoint Counsel. For reasons explained below, the court denies the motion.

**I.   Legal Standard**

"There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]" *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) ("No right to counsel extends to a § 3582(c)(2) motion."). The Supreme Court has explained that there is no "general obligation of the courts, state or federal, to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief." *Johnson v. Avery*, 393 U.S. 483, 488 (1969). "In most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing." *Id.* at 487.

---

[1]   Because Ms. Belair proceeds pro se, the court construes her filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

But our court has arranged for the appointment of counsel for certain indigent defendants who may file or have filed motions under § 3582(c)(1)(A). Chief Judge Robinson explained:

> Under Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act. That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic. Under that Order, the FPD shall notify the court within fifteen days of any *pro se* individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination.

*United States v. Velazquez*, No. 16-20114-JAR-4, 2020 WL 7122429, at *1 (D. Kan. Dec. 4, 2020).

## II.   Discussion

Here, Ms. Belair previously filed a Motion for Sentence Reduction (Doc. 348). Consistent with our court's Administrative Order 20-8, Federal Public Defender considered Ms. Belair's claim and declined to enter an appearance on her behalf. The court ultimately dismissed that motion for lack of subject matter jurisdiction (Doc. 351), and Ms. Belair has filed no new request for post-conviction relief. So, the court construes Ms. Belair's pending request for appointment of counsel as one seeking counsel to help her investigate and present potential claims for post-conviction relief. She thus asks the court to depart from "general rule" that "federal district courts will *not* appoint counsel to help prisoners investigate and present potential claims for post-conviction relief." *United States v. Hastings*, Crim. No. 11-25 (1) RHK, 2013 WL 2897415, at *1 (D. Minn. June 13, 2013); *see also Johnson*, 393 U.S. at 487.

In its discretion, the court declines to appoint counsel here because (1) the court has already created a means for the Federal Public Defender to enter an appearance on behalf of pro se defendants seeking compassionate release once those defendants file pro se a motion under § 3582(c)(1)(A), (2) under that process, the Federal Public Defender already considered Ms.

2

Belair's prior pro se claim for relief under § 3582(c)(1)(A) and elected not to enter an appearance on her behalf, (3) no motion for post-conviction relief is pending currently, and (4) should Ms. Belair file another motion under § 3582(c)(1)(A) in the future, (a) the Federal Public Defender will have an opportunity to review that motion and potentially enter an appearance on Ms. Belair's behalf at that time, (b) and Ms. Belair can renew her Motion to Appoint Counsel then. *See Hastings*, 2013 WL 2897415, at *1 & n.3 (declining to appoint an attorney to help defendant "explore and develop potential legal grounds for challenging his conviction or sentence in a § 2255 post-conviction motion, (or by any other means)").

Moreover, the request's merits, to the extent the court can discern them in the absence of a pending claim for relief, do not warrant appointment of counsel at this time. When exercising its "broad discretion" to decide whether to appoint counsel to an indigent litigant, the district court "should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (considering the appointment of counsel for indigents under 28 U.S.C. § 1915).

Several of these factors presuppose the existence of a claim for relief. But as the court just discussed, Ms. Belair has no pending claim for relief for the court to evaluate. Ms. Belair's Motion to Appoint Counsel does forecast a future request for relief under § 3582(c)(1)(a). *See* Doc. 354 at 1. But until she actually files that motion, the court is limited in its ability to evaluate that merely potential claim under relevant factors. The only materials the court has available to evaluate Ms. Belair's potential future claim for relief under § 3582(c)(1)(A) are the filings on the already dismissed *prior* motion for relief under that statute and the pending letter that the court construes as a Motion to Appoint Counsel.

After considering Ms. Belair's motion seeking appointment of counsel and, to the extent the court can discern them from the filings on the prior motion for relief and the Motion to Appoint Counsel, Ms. Belair's ability to present her potential claim, the nature of her potential claim's factual issues, her potential claim's merits, and the complexity of its legal issues, the court concludes that the appointment of counsel is not warranted here.  Ms. Belair's motion also fails to assert that she is indigent or provide the court with evidence showing indigency.  *See id.* The court thus denies Ms. Belair's Motion to Appoint Counsel (Doc. 354).[2]

**IT IS THEREFORE ORDERED BY THE COURT THAT** Michelle Belair's letter to the court construed as a Motion to Appoint Counsel (Doc. 354) is denied.

**IT IS SO ORDERED.**

**Dated this 5th day of February, 2021, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge

---

[2] To the extent Ms. Belair's motion asks the court to grant her or itself the right to "bypass" the administrative remedy process for a future § 3582(c)(1)(A) motion, *see* Doc. 354 at 2, the court denies that request.  The statute does not abide that path, and the court cannot simply ignore the statute.  The court's prior Memorandum and Order (Doc. 351) dismissing Ms. Belair's Motion for Sentence Reduction explains that the court's authority to entertain a motion under § 3582(c)(1)(A) depends on defendant satisfying the statutory requirement of exhaustion or lapse.  *See* Doc. 351 at 1–4.