IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MICHELLE BELAIR,<br><br>    Defendant. | Case No. 17-40043-02-DDC |

## MEMORANDUM AND ORDER

Defendant Michelle Belair has filed a pro se Motion for Hardship Credit for Hard Time Served (Doc. 356).  She asks the court to recalculate her time served in federal prison.  *See* Doc. 356 at 2.  She reasons that the conditions of her federal imprisonment at FCI Aliceville are unconstitutional, so each day she serves should count double.  *Id.* at 3.  The government filed a Response (Doc. 357).

"Any judicial challenge to the BOP's [length of sentence] determination must be brought under 28 U.S.C. § 2241 and is subject to administrative exhaustion requirements."  *United States v. Barnes*, No. CR 113-199, 2021 WL 1395199, at *1 (S.D. Ga. Apr. 13, 2021).  So, "after [defendant] exhausts her administrative remedies with the BOP, she must bring her § 2241 petition in the district of her confinement[.]"  *Id.*; *see also United States v. Mobarekeh*, 707 F. App'x 561, 562 (10th Cir. 2017).

Even viewed through the forgiving lens governing pro se practice, Ms. Belair's motion fails these requirements.  The motion does not invoke § 2241 or name her warden as Respondent.  Nor does it mention whether Ms. Belair exhausted administrative remedies.  And Ms. Belair

filed the motion in the District of Kansas, and not the judicial district where she is incarcerated. These independent defects preclude relief. Other courts considering comparable filings have ruled similarly.[1]

Ultimately, Ms. Belair fails to show that relief she seeks is authorized and warranted here. So, the court dismisses her motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Michelle Belair's Motion for Hardship Credit for Hard Time Served (Doc. 356) is dismissed.

**IT IS SO ORDERED.**

**Dated this 4th day of May, 2021, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**

---

[1] *See, e.g.*, *Barnes*, 2021 WL 1395199, at *1–2 (granting Motion to Dismiss inmate's request for "hard time" credit based on the "onerous" "lockdown status of the prison since the onset of the COVID-19 pandemic" where, among other things, defendant failed to show that she has exhausted her administrative remedies and failed to file her motion in the district of her confinement); *United States v. King*, No. CR 2:17-823-2, 2021 WL 1550307, at *1 (S.D. Tex. Apr. 19, 2021) (denying inmate's Motion for Hardship Credit where (1) there is "nothing in the record indicating that Defendant has presented her complaints regarding her sentence to the BOP, nor does she claim that she has done so" and (2) defendant failed to file her motion in the judicial district where she is incarcerated); *but see United States v. Herrera*, No. 15-CR-4407-RB, 2018 WL 6171888, at *1 (D.N.M. Nov. 26, 2018) (denying inmate's Motion for Hardship Credit "for at least three reasons" including that defendant "is estopped from collaterally attacking his sentence" given waiver in plea agreement).