IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHELLE BELAIR (02),<br><br>　　　　Defendant. | Case No. 17-40043-02-DDC |

### MEMORANDUM AND ORDER

Michelle Belair moves under 18 U.S.C. § 3582(c)(1)(A) for a sentencing modification (Doc. 359). The government filed a Response (Doc. 361) opposing Ms. Belair's request. For reasons explained below, the court denies Ms. Belair's motion.

**I.    Background**

Ms. Belair pleaded guilty to Count One of the Indictment charging a violation of 21 U.S.C. § 846, that is, conspiracy to possess with the intent to distribute and distribution of methamphetamine. Doc. 258 at 1–2. On July 30, 2018, the court sentenced Ms. Belair to 156 months' imprisonment. Doc. 308 at 2. This sentence precisely replicated the sentence that Ms. Belair herself had recommended in her plea agreement under Fed. R. Crim. P. 11(c)(1)(C). Doc. 258 at 3. On August 20, 2021, Ms. Belair filed a motion for sentence reduction under § 3582(c)(1)(A). Doc. 359. Today, Ms. Belair's projected release date is November 16, 2029. *See* Michelle Belair (Reg. No. 28659-031) (last visited Sept. 29, 2021) https://www.bop.gov/inmateloc/.

**II.      Legal Standard for Compassionate Release**

The court may modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A); *see also United States v. Maumau*, 993 F.3d 821, 830–31 (10th Cir. 2021) (reviewing § 3582(c)(1)'s history, text, and requirements).  Recently, our Circuit suggested that the exhaustion requirement is a "mandatory claims-processing rule" that the government may waive or forfeit.  *United States v. Watson*, 851 F. App'x 136, 137 n.1 (10th Cir. 2021) ("This court has not issued a binding decision on whether exhaustion under § 3582(c)(1)(A) is a jurisdictional requirement, but unpublished decisions indicate that exhaustion is a mandatory claim-processing rule." (first citing *United States v. Avalos*, 856 F. App'x 199, 202 (10th Cir. 2021); then citing *United States v. Johnson*, 849 F. App'x 750, 752–53 (10th Cir. 2021))).

After considering exhaustion, the court applies a three-step analysis to motions filed under § 3582(c)(1)(A).  *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).  The court may grant a motion to reduce a sentence only if "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable."  *Id.*

The Tenth Circuit recently held that it does not view the first step—"extraordinary and compelling" reasons—in § 3582(c)(1)(A) as jurisdictional.  *See United States v. Hald*, 8 F.4th 932, 942 n.7 (10th Cir. 2021) (declining "to read a jurisdictional element into § 3582(c)(1)(A)'s

2

'extraordinary and compelling reasons' requirement when the statute itself provides no indication (much less a 'clear statement') to that effect").

The court need not consider the second step of the analysis because the Sentencing Commission has not issued an "applicable policy statement" for defendant-filed compassionate release motions, like this one. *Maumau*, 993 F.3d at 837. So, unless "and until the Sentencing Commission issues such a policy statement, the second requirement does not apply." *United States v. Quinn*, No. CR 10-20129-03-KHV, 2021 WL 3129600, at *2 (D. Kan. July 23, 2021).

### III.  Analysis

#### A.  Exhaustion or Lapse

The court first addresses the exhaustion or lapse requirement—the "administrative rights" aspect of § 3582(c)(1)(A). An incarcerated person may file a motion for compassionate release with the court "after either exhausting administrative rights to appeal the Director of the BOP's failure to file such a motion, or the passage of 30 days from the defendant's unanswered request to the warden for such relief." *Maumau*, 993 F.3d at 830. Our Circuit has held in an unpublished decision that the government can waive or forfeit an exhaustion argument. *Watson*, 851 F. App'x at 137 n.1.

The government does not contest that Ms. Belair has satisfied the administrative rights requirement. Doc. 361 at 4 n.1. Ms. Belair submitted a request to the warden on December 22, 2020. Doc. 361-1. And, the warden denied Ms. Belair's compassionate relief request on May 25, 2021. Doc. 361-2 at 1. So, since the warden let "30 days . . . pass in silence" without responding to Ms. Belair's request, she has satisfied the lapse requirement. *United States v. Harris*, 505 F. Supp. 3d 1152, 1157 (D. Kan. 2020). As a result, the court proceeds to the merits of Ms. Belair's motion.

### B. Extraordinary and Compelling

Ms. Belair asserts her health conditions present extraordinary and compelling circumstances during the COVID-19 pandemic. She cites her asthma (which makes her prone to upper respiratory infections), anemia, low white blood cell count, iron deficiency, vitamin B-12 deficiency, vitamin D deficiency, weak immune system, high risk for cancer, and medication allergies. Doc. 359 at 5; Doc. 359-2 at 19. The government notes that Ms. Belair's medical records confirm she has asthma. Doc. 361 at 8 (citing Doc. 361-2 at 2 (Statement of Dr. Xinyu Daniel Li)); *see also* Doc. 359-2 at 14. The government argues that, nonetheless, Ms. Belair's health conditions do not present extraordinary and compelling circumstances because her asthma is well under control, her medical records fail to establish other medical conditions, she was vaccinated against COVID-19, and her general fears about COVID-19 are insufficient.

The Center for Disease Control and Prevention ("CDC") has recognized certain medical conditions increase a person's risk of severe complications from COVID-19. *See People with Certain Medical Conditions*, CDC (Aug. 20, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. The CDC notes that chronic lung disease, including moderate to severe asthma, "can make [an individual] more likely to get severely ill from COVID-19." *Id.* The court thus assumes that Ms. Belair's medical conditions present extraordinary and compelling reasons in light of the COVID-19 pandemic.[1] So, the court next considers whether § 3553(a)'s sentencing factors favor the relief Ms. Belair seeks.

---

[1] The Circuit has refused to consider a defendant's vaccination status when deciding the extraordinary and compelling question. *See Hald*, 2021 WL 3439012, at *1 n.2 (noting "there is certainly room for doubt that Defendants' present circumstances would support a finding of 'extraordinary and compelling reasons.'" (citing *United States v. Baeza-Vargas*, ___ F. Supp. 3d ___, 2021 WL 1250349, at *3–4 (D. Ariz. Apr. 5, 2021))).

### C. Sentencing Factors in § 3553(a)

If a proposed modified sentence strays too far from the original sentence, the § 3553(a) factors cannot support the sentence reduction, even where a defendant faces extraordinary and compelling circumstances. *See United States v. Pope*, No. 16-10039-JTM, 2020 WL 5704270, at *1 (D. Kan. Sept. 24, 2020) ("This court has concluded that compassionate release based on COVID-19 related concerns should be denied where the resulting sentence would materially depart from an appropriate § 3553(a) sentence[.]"); *United States v. Kaufman*, No. 04-40141-1-JTM, 2020 WL 4196467 at *2 (D. Kan. July 21, 2020) ("Even when an older inmate faces some serious medical condition, compassionate release should be denied if it would radically alter the appropriate § 3553 sentence.").

Here, Ms. Belair asks the court to reduce her sentence and release her to home confinement. Doc. 359 at 5. The government asserts that granting Ms. Belair's request would be contrary "to the nature and seriousness of her crimes and the need for the instant sentence to continue to provide just punishment and promote respect for the law." Doc. 361 at 13.

*First*, the court's analysis begins with the "history and characteristics of the defendant[.]" 18 U.S.C. § 3553(a)(1). Ms. Belair's health conditions and the risks she faces as a federal inmate during the COVID-19 pandemic support a lesser sentence than when the court sentenced her. And, Ms. Belair cites her rehabilitative efforts and good conduct while in custody. *See, e.g.*, Doc. 359-3 at 99–112. But the court must weigh this new information against other facts relevant to the court's analysis of the sentencing factors.

*Second*, the § 3553(a) factors allow the court to consider the "nature and circumstances of the offense[.]" 18 U.S.C. § 3553(a)(1). Ms. Belair was considerably involved in "a well-established group of individuals distributing a sizeable amount of methamphetamine." Doc. 298

at 10.  Ms. Belair was "a direct source of supply for other members in the conspiracy who then redistributed the methamphetamine[.]"  *Id.*  And, while on pretrial release, Ms. Belair absconded.  *Id.* at 9.  Thus, the nature and circumstances of Ms. Belair's offense weigh heavily against compassionate release.

*Third*, the § 3553(a) factors permit the court to consider "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]"  18 U.S.C. § 3553(a)(2)(A).  On July 30, 2018, the court sentenced Ms. Belair to 156 months' imprisonment and a term of five years' supervised release.  Doc. 308 at 1–3.  Today, her projected release date is more than eight years away.  *See* Michelle Belair (Reg. No. 28659-031) (last visited Sept. 29, 2021) https://www.bop.gov/inmateloc/.  Ms. Belair asks for a hefty reduction in her sentence that would alter her sentence materially and unacceptably reduce its severity.  To reduce her sentence by the amount she requests would require an extraordinary shift in the other § 3553(a) factors; Ms. Belair has not shown such a shift.  This factor weighs against compassionate release.

Replacing imprisonment with a corresponding period of home confinement can mitigate the extent that the sentence modification reduces the severity of the total sentence.  *See United States v. Johnson*, No. 15-40064-01-DDC, 2020 WL 5981676, at *6 (D. Kan. Oct. 8, 2020).  But home confinement and imprisonment are not equivalents.  *See United States v. Johnson*, 529 U.S. 53, 58–59 (2000) ("Though interrelated, the terms [of imprisonment and supervised release] are not interchangeable.").  Ms. Belair is still more than eight years away from her projected release date.  To release her to home confinement would reduce the severity of the sentence and the sentence would no longer reflect the seriousness of the offense.  And, the court notes, Ms.

Belair absconded while on pretrial release.  Accordingly, despite the option of home confinement, the severity of Ms. Belair's sentence favors denying compassionate release.

In sum, Ms. Belair was sentenced to 156 months for her considerable role in a drug distribution scheme.  Reducing Ms. Belair's sentence and releasing her to home confinement would not comport with the nature and circumstances of her offense.  *See* 18 U.S.C. § 3553(a)(1).  Nor would it adequately promote respect for the law or provide just punishment for the offense.  *See* 18 U.S.C. § 3553(a)(2)(A).

### IV.   Conclusion

Before the court may grant relief under 18 U.S.C. § 3582(c)(1)(A), Ms. Belair must satisfy three requirements:  (1) extraordinary and compelling reasons warrant a sentence reduction; (2) the reduction is consistent with applicable policy statements by the Sentencing Commission; and (3) 18 U.S.C. § 3553(a)'s sentence factors support the requested sentence modification.  *See Hald*, 8 F.4th at 937–38.  If any requirement is not satisfied, then relief is not warranted under § 3582(c)(1)(A).  *See id.* at 938 (noting that a district court may deny a motion for compassionate release if defendant fails to satisfy any one of the requirements).  Ms. Belair has not established that § 3553(a)'s sentencing factors support the significant sentence reduction that she seeks.  The court thus denies Ms. Belair's motion (Doc. 359).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Michelle Belair's Motion for Compassionate Release (Doc. 359) is denied.

**IT IS SO ORDERED.**

**Dated this 5th day of October, 2021, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge
