**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | Case No. 17-40043-02-DDC |
| MICHELLE BELAIR (02), | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant Michelle Belair's pro se[1] "Motion for Reconsideration of Sentence Reduction Under 18 U.S.C. 3582(c)(1)(A)" (Doc. 363) and "Motion for Identity of Informants" (Doc. 364).  The court denies Ms. Belair's Motion for Reconsideration (Doc. 363) and dismisses her Motion for Identity of Informants (Doc. 364).  The court explains both rulings, below.

### I.     Motion for Reconsideration

Ms. Belair asks the court to reconsider its October 5, 2021 Order (Doc. 362) denying her "Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)" (Doc. 359).  The court denies the motion because it is untimely and, independent of that deficiency, the motion fails on its merits.

Ms. Belair's motion is untimely.  "Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, motions to reconsider in criminal prosecutions are

---

[1]     Because Ms. Belair filed the current motion pro se, the court construes her filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court doesn't become her advocate. *Id.*

proper." *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (internal citations and quotation marks omitted).  But such motions for reconsideration "cannot be brought at simply any time." *Id.* at 1242.  Our Circuit has held a defendant must file a motion to reconsider the court's denial of a motion under § 3582(c)(1) within 14 days—the time allowed to file an appeal. *See United States v. Heath*, 846 F. App'x 725, 728 (10th Cir. 2021) (citing *Randall*, 666 F.3d at 1242–43).  This deadline is the same one adopted by this court's local rules.  D. Kan. Rule 7.3(b) (governing motion to reconsider non-dispositive orders generally); *see also United States v. Williams*, No. 09-40024-01-JAR, 2020 WL 7081738, at *2 (D. Kan. Dec. 3, 2020) (applying D. Kan. Rule 7.3(b) to a motion to reconsider the court's order denying compassionate release).

The court denied Ms. Belair's Motion for Compassionate Release on October 5, 2021. Doc. 362.  Ms. Belair dated her Motion for Reconsideration on December 1, 2021.  Doc. 363 at 1.  Between the court's Order and Ms. Belair's motion, 57 days passed.  To say the least, Ms. Belair's motion is untimely.  And, Ms. Belair's filings do not explain this delay. *See generally* Doc. 363.  The court thus denies Ms. Belair's motion for this reason. *See Randall*, 666 F.3d at 1243 (affirming district court's denial of defendant's motion to reconsider because defendant "filed his motion for reconsideration . . . fifty-five days after the period for appeal ended").

Even if Ms. Belair's had filed a timely motion, her current motion contains no argument proper for a motion to reconsider, so her motion fails on its merits.  A "party may seek reconsideration on the following grounds:  (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." *Williams*, 2020 WL 7081738, at *2 (discussing D. Kan. Rule 7.3(b)); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up

arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994).

Ms. Belair's arguments fail this standard.  She describes her latest efforts to rehabilitate herself but though these efforts are commendable, this new information does not change the court's earlier analysis of the § 3553(a) factors.  *See* Doc. 363.  These efforts do not overcome the seriousness of Ms. Belair's offense or the need for her sentence to afford adequate deterrence to criminal conduct.  18 U.S.C. § 3553(a)(2)(A)–(B); Doc. 362 at 5–7.  As for the rest of Ms. Belair's motion, it merely rehashes arguments she made in her original Motion for Compassionate Release:  her medical condition, low recidivism risk, and rehabilitative efforts. *Compare* Doc. 363 *with* Doc. 359-2 at 19–22.  These arguments are not new and, thus, provide no basis for a proper motion to reconsider.  *Voelkel*, 846 F. Supp. at 1483.

Ms. Belair also expresses renewed concern about the COVID-19 pandemic.  *See* Doc. 363.  But general fears about COVID-19 don't justify compassionate release.  *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").  Despite the COVID-19 outbreak nationwide, the BOP reports that only three incarcerated people presently have active infections at FCI Aliceville.  *See* COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Dec. 21, 2021).  Also, at least 176 staff members and 1,274 incarcerated people at FCI Aliceville have received a COVID-19 vaccine, including Ms. Belair.  *See* COVID-19 Vaccine Implementation, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Dec. 21, 2021); Doc. 363 at 1.  While a prison environment certainly is not ideal for

protection against COVID-19, the chance of infection now appears lower than when the court denied Ms. Belair's compassionate release motion in October 2021.  Accordingly, Ms. Belair has not shown that the ever-evolving COVID-19 pandemic compels a different result.

In sum, the court denies Ms. Belair's Motion for Reconsideration (Doc. 363) because it's untimely.  And, even if it were timely, her motion fails on the merits.

## II.   Motion for Identity of Informants

Ms. Belair labels her second motion as a "Motion for Identity of Informants" (Doc. 364). Ms. Belair requests the government to "disclose the identity and whereabouts of confidential government informants[.]"  Doc. 364 at 1.  But she doesn't invoke any statutory authority for this request.  She cites case law that discusses the government's "privilege to withhold from disclosure" the identity of confidential informants, Doc. 364 at 1, but those cases concern pretrial disclosure requests, *Roviaro v. United States*, 353 U.S. 53 (1957), and direct appeal, *United States v. Valle-Leanos*, 53 F. App'x 813 (9th Cir. 2002).  Ms. Belair hopes the court will grant her request "in advance of re-trial [or] re-sentencing" but Ms. Belair isn't entitled to re-trial or re-sentencing.  Doc. 364 at 1 (brackets omitted).  Ultimately, the court is without authority to grant her request and it thus dismisses this motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Michelle Belair's Motion for Reconsideration (Doc. 363) is denied.

**AND, IT IS FURTHER ORDERED** that defendant Michelle Belair's Motion for Identity of Informants (Doc. 364) is dismissed.

**IT IS SO ORDERED.**

Dated this 4th day of January, 2022, at Kansas City, Kansas.

<u>s/ Daniel D. Crabtree</u>
Daniel D. Crabtree
United States District Judge