IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

v.

MICHELLE BELAIR (02),

          Defendant.

Case No. 17-40043-02-DDC

## MEMORANDUM AND ORDER

Defendant Michelle Belair has filed a pro se[1] Motion to Reduce her sentence under Amendment 821 to § 4A1.1 of the United States Sentencing Guidelines. Doc. 373. Ms. Belair also has filed a Motion to Appoint Counsel, asking the court to appoint counsel to help her with her Amendment 821 motion. Doc. 374. The government filed a Response. Doc. 376. The court lacks jurisdiction and dismisses Ms. Belair's Motion to Reduce for the following reasons. The court also denies her Motion to Appoint Counsel.

**I. Background**

On May 1, 2018, Ms. Belair entered a guilty plea (Doc. 258) to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, violating 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. On July 20, 2018, a federal probation officer prepared a Presentence Investigation Report (PSR). Doc. 298. Based on the quantity of drugs, 4.5

---

[1] Because plaintiff proceeds pro se, the court construes her filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). But, plaintiff's pro se status does not excuse her from complying with the court's rules or facing the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

kilograms of methamphetamine, the PSR determined that Ms. Belair had a base offense level of 38.  *Id.* at 14 (PSR ¶ 42).  The PSR added two points because Ms. Belair possessed a dangerous weapon.  *Id.* (PSR ¶ 43).  The PSR added two more points because Ms. Belair impeded or attempted to impede the investigation, prosecution, or sentencing.  *Id.* (PSR ¶ 46).  Based on the 2016 Guidelines Manual, Ms. Belair had a total offense level of 42.  *Id.* at 15 (PSR ¶ 50).

Ms. Belair's criminal history produced four criminal history points.  *Id.* at 19 (PSR ¶ 66).  Because Ms. Belair committed the instant offense while under a criminal justice sentence, the PSR added two more points, bringing her criminal history points to six, and establishing a criminal history category of III.  *Id.* (PSR ¶¶ 67–68).  The relevant statute, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), requires a minimum imprisonment of 10 years if a defendant is found guilty of conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine.  "Based upon a total offense level of 42 and a criminal history category of III, the guideline imprisonment range [was] 360 months to life."  *Id.* at 23 (PSR ¶ 95).  The parties' binding plea agreement recommended a sentence below the advisory guideline range:  156 months and five years of supervised release.  Doc. 258 at 3 (Plea Agreement).  On July 30, 2018, the court sentenced Ms. Belair to imprisonment for 156 months and five years of supervised release.  Doc. 308 at 2–3.

Ms. Belair asserts that several amendments to the United States Sentencing Guidelines apply to her July 2018 sentence.  The court addresses Ms. Belair's motion, but first, recites the governing legal standard.

## II.   Legal Standard

"Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [defendant's] request."

*United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997).  Section 3582(c) of Title 18 of the United States Code grants the court the authority to modify a sentence in just three scenarios:

(1) on motion of the Director of the Bureau of Prisons if special circumstances exist;

(2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or

(3) if the sentencing range is subsequently lowered by the Sentencing Commission.

*United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008).  Ms. Belair asks the court to modify her sentence based on the third circumstance—a subsequent change in the sentencing range.  Doc. 373 at 3–4.

### III. Analysis

Ms. Belair asserts that the following Amendments to the United States Sentencing Guidelines apply here:  601, 603, 762, 782, and 821.  Doc. 373 at 1.  She is wrong.

Amendment 601 became effective November 1, 2000.  U.S. Sent'g Guidelines App. C, Vol II, amend. 601 (effective Nov. 1, 2000).  It addressed sentencing enhancements under Guidelines § 2B3.1.  That enhancement addressed employment of a dangerous weapon during a robbery.  *Id.*  It doesn't apply to Ms. Belair because her dangerous weapon enhancement comes from Guidelines § 2D1.1(b)(7).  Doc. 298 at 14 (PSR ¶ 43).  And, of course, the Amendment became effective long before she was sentenced.  The court thus rejects her Amendment 601 argument.

Next, Ms. Belair cites Amendment 603.  Doc. 373 at 4.  That Amendment, effective November 1, 2000, added § 5K2.20 to the Guidelines and defined "aberrant behavior."  U.S. Sent'g Guidelines App. C, Vol II, amend. 603 (effective Nov. 1, 2000).  Ms. Belair doesn't explain how or why this Amendment applies to her sentence.  Nor could she—the Amendment

3

was in force when the court sentenced Ms. Belair.  So, Amendment 603 doesn't help Ms. Belair, either.

Ms. Belair next cites Amendment 762.  Doc. 373 at 1.  The Sentencing Commission added that section to address offenses involving BZP (N-Benzylpiperazine).  U.S. Sent'g Guidelines App. C, Supp., amend. 762 (effective Nov. 1, 2012).  And Amendment 762 became effective November 1, 2012.  So, it's of no help to Ms. Belair.

The fourth Sentencing Guideline Amendment Ms. Belair cites is Amendment 782.  Doc. 373 at 1.  Like the others, this Amendment became effective years before Ms. Belair was sentenced—November 1, 2014, to be exact.  U.S. Sent'g Guidelines App. C, Supp., amend. 782 (effective Nov. 1, 2014).  Because the court sentenced Ms. Belair after Amendment 782's adoption, it rejects her argument that Amendment 782 reduces her sentence.

Last, Ms. Belair cites Amendment 821.  Doc. 373 at 1.  Effective November 1, 2023, Part A of Amendment 821 limits the effect of criminal history points, or "status points."  U.S. Sent'g Guidelines Manual § 4A1.1(e) (U.S. Sent'g Comm'n 2023).  The amendment replaced § 4A1.1(d), which had required a two-point increase for offenses committed while defendant served a criminal justice sentence, with a modified § 4A1.1(e), which requires a one-point increase if defendant received seven or more points in previous subsections and "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  *Id.*

Here, Ms. Belair received four criminal history points.  The PSR added two additional points because Ms. Belair committed the instant offense while under a criminal justice sentence, bringing Ms. Belair's total criminal history points to six.  Under Amendment 821, Ms. Belair would receive no points for committing the offense while under a criminal justice sentence,

4

resulting in a total criminal history of four. But this new score doesn't change Ms. Belair's sentencing range. A criminal history score of four or six both place Ms. Belair within criminal history category III.

Because Ms. Belair's sentencing range remains unchanged, her request doesn't fall under 18 U.S.C. § 3582(c)(2). The court thus lacks jurisdiction and must dismiss Ms. Belair's motion (Doc. 373). *See United States v. Whittaker*, 777 F. App'x 938, 940 (10th Cir. 2019) (remanding for district court to dismiss motion to reduce sentence for lack of jurisdiction because defendant didn't qualify for a reduction under § 3582(c) (first citing *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion."); then citing *United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (concluding "dismissal rather than denial is the appropriate disposition" when sentence reduction is not authorized by § 3582(c)(2)))); *see also United States v. Linthicum*, No. 16-10024, 2024 WL 1579785, at *1 (D. Kan. Apr. 11, 2024) (dismissing Amendment 821 motion to reduce sentence when defendant's criminal history points decreased but his criminal history category remained unchanged).

Finally, the court must address Ms. Belair's Motion to Appoint Counsel (Doc. 374). Our court has appointed the office of the Federal Public Defender to determine whether eligible defendants, as identified in District of Kansas Standing Order 23-03, may qualify for relief under Amendment 821.[2] The court previously forwarded Ms. Belair's Motion to Reduce Sentence (Doc. 373) to the FPD, Doc. 377, and the FPD informed the court that it won't enter an appearance for Ms. Belair, Doc. 378. And there "is no constitutional right to counsel beyond the

---

[2] Of course, Ms. Belair moves under many Amendments, and the court addresses all of them out of an abundance of caution. But it's clear that Amendment 821 is the heart of Ms. Belair's argument; it's the only one not effective when she was sentenced.

direct appeal of a criminal conviction[.]" *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008).  The court, in its discretion, concludes appointment of counsel isn't warranted and denies Ms. Belair's motion.

## IV.   Conclusion

The court is without jurisdiction to consider Ms. Belair's current motion.  Thus, the court dismisses Ms. Belair's motion for lack of jurisdiction.  The court also denies her Motion to Appoint Counsel.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Belair's Motion to Reduce Sentence (Doc. 373) is dismissed without prejudice.

**IT IS FURTHER ORDERED THAT** Ms. Belair's Motion to Appoint Counsel (Doc. 374) is denied.

**IT IS SO ORDERED.**

**Dated this 15th day of July, 2024, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**

6